UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF TEXAS

HOUSTON DIVISION

| | | |
|---|---|---|
| BEVERLY LYNN STEGALL, | § | |
| | § | |
| *Plaintiff*, | § | |
| | § | |
| VS. | § | CIVIL ACTION NO.: ______________ |
| | § | |
| HOME DEPOT U.S.A., INC.; | § | *JURY* |
| HNI CORPORATION; | § | |
| THE HON COMPANY, LLC; AND | § | |
| MARLBORO WIRE, LTD. | § | |
| | § | |
| *Defendants* | § | |

---

**PLAINTIFF BEVERLY LYNN STEGALL'S ORIGINAL COMPLAINT**

---

TO THE HONORABLE JUDGE OF THIS COURT:

NOW COMES Beverly Stegall ("Plaintiff"), and files this lawsuit against Home Depot U.S.A., Inc. ("Defendant Home Depot"), HNI Corporation ("Defendant HNI"), The HON Company, LLC ("Defendant HON"), and Marlboro Wire, LTD. ("Defendant Marlboro") (collectively "Defendants"). In support of the claims herein, Plaintiff would respectfully show unto the Court and Jury as follows:

## I. PARTIES

1. Plaintiff, Beverly Lynn Stegall, is an individual who resides in Harris County, Texas.

2. Defendant, Home Depot U.S.A., Inc., is a foreign corporation organized and existing under the laws of the State of Delaware, with its principal office/place of business located in Atlanta, Georgia. Pursuant to Rule 4(e) of the Federal Rules of Civil Procedure, Defendant Home Depot may be served with process by serving its registered agent, Corporation Service Company D/B/A CSC-Lawyers Incorporating Service Company, at the following address:

CORPORATION SERVICE COMPANY D/B/A
CSC-LAWYERS INCORPORATING SERVICE COMPANY
211 EAST 7TH STREET, SUITE 620
AUSTIN, TEXAS 78701

**Service of process and citation is requested at this time.**

3. Defendant, HNI Corporation, is a foreign corporation organized and existing under the laws of the State of Iowa, with its principal office/place of business located in Muscatine, Iowa. Defendant HNI is the parent company of Defendant HON, and does business under the name "The HON Company." Pursuant to Rule 4(e) of the Federal Rules of Civil Procedure, Defendant HNI may be served with process by serving its registered agent, Steven M. Bradford, at the following address:

STEVEN M. BRADFORD
408 E. 2ND SREET
MUSCATINE, IOWA 52761

**Service of process and citation is requested at this time.**

4. Defendant, The HON Company, LLC, is a foreign corporation organized and existing under the laws of the State of Iowa, with its principal office/place of business located in Muscatine, Iowa. Defendant HON is a wholly-owned subsidiary of Defendant HNI, and does business under the name "The HON Company." Pursuant to Rule 4(e)

of the Federal Rules of Civil Procedure, Defendant HON may be served with process by serving its registered agent, Steven M. Bradford, at the following address:

STEVEN M. BRADFORD
408 E. 2ND SREET
MUSCATINE, IOWA 52761

**Service of process and citation is requested at this time.**

5. Defendant, Marlboro Wire, LTD., is a foreign corporation organized and existing under the laws of the State of Massachusetts, with its principal office/place of business located in Quincy, Illinois. Pursuant to Rule 4(e) of the Federal Rules of Civil Procedure, Defendant Marlboro may be served with process by serving its registered agent, Donald Ray Brown, at the following address:

DONALD RAY BROWN
2403 N. 24TH SREET
QUINCY, ILLINOIS 62305

**Service of process and citation is requested at this time.**

## II. JURISDICTION

6. This Court has original jurisdiction over this lawsuit under 28 U.S.C. § 1332(a)(1), because Plaintiff and Defendants are citizens of different U.S. states, and the amount in controversy exceeds $75,000.00, excluding interest and costs.

## III. VENUE

7. Venue is proper in this Court under 28 U.S.C. § 1391(b)(2) because a substantial part of the events and omissions giving rise to this claim occurred in this district.

## IV. STATEMENT OF FACTS[1]

8. On or about September 21, 2013, Plaintiff and her husband, Jack Stegall, were shopping at a large "big box" home improvement store, which is owned and operated by Defendant Home Depot. The store in question is operated under the trade name "The Home Depot," and is one of numerous similar stores that Defendant Home Depot operates throughout the United States. Upon reasonable belief and investigation, the store is situated at the common address of 20360 Highway 59 North, Humble, Texas 77338, and is identified by Defendant Home Depot with the store designation "Humble #576."

9. During the course of her shopping at The Home Depot store, Plaintiff went to purchase paint from the area of the store where paint is mixed for store patrons (i.e., the paint counter). Plaintiff approached an employee of Defendant Home Depot at the paint counter, seeking to have some paint mixed for her. Defendant Home Depot's employee invited Plaintiff to sit at a chair that was made available to the public at the paint counter. The chair in question is a barstool-style chair, which, upon reasonable belief and investigation, is comprised of a metal wire frame (including metal supports) attached to a plastic seat and plastic chair back.

10. As Plaintiff attempted to sit on the chair in question, the chair essentially came apart underneath Plaintiff, and she fell onto the metal frame of the chair. Specifically and unbeknownst to Plaintiff, the metal frame was protruding upward as a result of the separation of the metal frame and the plastic seat. When the chair came apart, Plaintiff fell onto the metal frame, and the metal frame jabbed into Plaintiff's vagina, causing

[1] The statement of facts contained herein are hereby, in all things, incorporated under each heading of this complaint as if set forth fully therein.

immediate and severe injuries, including, but not limited to, bleeding, bruising and swelling in her vagina. Shortly thereafter, Plaintiff was taken by her husband to the hospital.

11. Upon reasonable belief and investigation, Defendant HNI and/or Defendant HON designed, manufactured, marketed, distributed, sold, supplied and/or placed into commerce the final product that caused Plaintiff's injuries, i.e., the chair in question. Defendant Marlboro designed, manufactured, marketed, distributed, sold, supplied and/or placed into commerce the metal wire frame and was a component manufacturer of the final product that caused Plaintiff's injuries, i.e., the chair in question.

## V. STATEMENT OF CLAIMS

### *A. Premises Liability – Defendant Home Depot*

12. On the date of the incident, Plaintiff was a business patron and invitee of Defendant Home Depot. Specifically, Plaintiff was at The Home Depot store in question with the consent of Defendant Home Depot, as the store is held open to the general public for shopping purposes. Plaintiff entered the store in question for the benefit of herself and Defendant Home Depot, as she was there to browse the store and potentially purchase goods from same. Defendant Home Depot, as the owner and operator of the store in question, was the possessor of the premises at the time of the incident.

13. The condition of the premises, i.e., the condition of the chair in question, posed an unreasonable risk of harm to Plaintiff, as it was in disrepair and/or was broken. Defendant Home Depot, its agents, servants, and/or employees, either had actual knowledge of the condition of the chair being in such a state, or reasonably should have

known of the condition of the chair, had they inspected it prior to Plaintiff's accident. Defendant Home Depot, its agents, servants, and/or employees, breached their duty of ordinary care by negligently failing to inspect and maintain the chair, by failing to adequately warn Plaintiff of the defective condition of the chair, or by failing to make the chair safe by making needed repairs to the chair or replacing the chair. Such negligence on the part of Defendant Home Depot, its agents, servants and/or employees proximately caused Plaintiff to suffer the injuries and damages for which she sues Defendant Home Depot herein.

***B. Products Liability – Defendant HNI, Defendant HON, and Defendant Marlboro***

14. At all times material to this lawsuit, Defendant HNI, Defendant HON, and/or Defendant Marlboro were engaged in the business of designing, manufacturing, marketing, distributing, selling, and/or supplying chairs, and placed into the stream of commerce the chair in question. Each of these defendants is a "manufacturer" under Chapter 82 of the Texas Civil Practices and Remedies Code, as each defendant was a designer, formulator, constructor, rebuilder, fabricator, producer, compounder, processor, and/or assembler of the chair or a component part thereof, and placed the product or a component part thereof in the stream of commerce. Therefore, Defendant HNI, Defendant HON, and/or Defendant Marlboro are not exempt from strict liability as "nonmanufacturing sellers" under Chapter 82.

15. The chair in question, including its component parts, was unreasonably dangerous and defective at the time it was designed, manufactured, marketed, distributed, sold, and/or supplied. The defects in the chair in question included defects in its design, manufacture, component parts used, instructions, and/or warnings. The

chair in question, including its component parts, was in a defective condition at the time it left the control of the Defendant HNI, Defendant HON, and/or Defendant Marlboro, and at the time it came under the control of Defendant Home Depot. The defective condition of the chair in question, including its component parts, made it unreasonably dangerous for the use of the general public and for Plaintiff, and said defective condition arose because of a miscarriage or mistake in the manufacturing process, and/or because of its design, and/or because of the failure to adequately warn or instruct the general public, including its purchaser, Defendant Home Depot, and its intended users, including Plaintiff, as to its use, maintenance, and/or of defects inherent in the chair. The defects in the chair in question, including its component parts, were a producing cause of the incident, and the injuries and damages sustained by Plaintiff.

16. With respect to the design of the chair in question, including its component parts, at the time they left the control of Defendant HNI, Defendant HON, and/or Defendant Marlboro, there were safer alternative designs. Specifically, there were alternative designs that, in reasonable probability, would have prevented or significantly reduced the risk of injury to Plaintiff. Furthermore, such safer alternative designs were economically and technologically feasible at the time the products left the control of Defendant HNI, Defendant HON, and/or Defendant Marlboro by the application of existing or reasonably achievable scientific knowledge.

17. These acts and omissions, as described above, were each a producing cause of the incident in question, and the injuries and damages sustained by Plaintiff. Plaintiffs invoke the doctrine of strict liability in tort, as that term is understood and applied under all applicable law.

### *C. Negligence – Defendant HNI, Defendant HON, and Defendant Marlboro*

18. Defendant HNI, Defendant HON, and/or Defendant Marlboro, and their respective agents, servants, and employees, were negligent in designing, manufacturing, marketing, distributing, selling, maintaining, and/or supplying the chair in question, including its component parts. Defendant HNI, Defendant HON, and/or Defendant Marlboro, and their respective agents, servants, and employees, engaged in several acts and omissions constituting negligence, and such acts and omissions, among others, are as follows:

1. In failing to properly design the chair in question, including its component parts;
2. In failing to properly manufacture the chair in question, including its component parts;
3. In failing to properly market the chair in question, including its component parts;
4. In failing to properly inspect the chair in question, including its component parts;
5. In failing to properly maintain the chair in question, including its component parts;
6. In failing to adequately warn Plaintiff and the general public regarding the use and operation of the chair in question, including its component parts;
7. In failing to adequately notify Plaintiff and the general public regarding any defects found in the chair in question, including its component parts;

19. These acts of negligence, among others, were a proximate cause of the incident, and the injuries and damages sustained by Plaintiff.

***D. Breach of Warranty – Defendant HNI, Defendant HON, and Defendant Marlboro***

20. Defendant HNI, Defendant HON, and/or Defendant Marlboro impliedly warranted to Defendant Home Depot, and the public generally, including Plaintiff, that the chair in question, including its component parts, was of merchantable quality, and was safe and fit for the purposes intended when used under ordinary conditions and in an ordinary manner. Defendant HNI, Defendant HON, and/or Defendant Marlboro breached such warranty by providing the chair in question, including its component parts, when it was not safe and not fit for the purposes intended. The chair's purchaser, Defendant Home Depot, and its intended users, including Plaintiff, relied upon this implied warranty, and Plaintiff suffered injuries and damages as a result of these breaches of warranty.

21. Plaintiff seeks recovery of personal injury damages based on the breaches of implied warranty by Defendant HNI, Defendant HON, and/or Defendant Marlboro. As Plaintiff was a customer invited to use the chair in question by agents, servants, or employees of Defendant Home Depot, Plaintiff was in "horizontal privity" with Defendant Home Depot (the ultimate purchaser of the chair in question). Therefore, Plaintiff is a non-purchasing party who used or was affected by the product, and is entitled to recover personal injury damages for any breach of an implied warranty. The breaches of implied warranties were a producing cause of the incident, and the injuries and damages suffered by Plaintiff.

***E. Vicarious Liability***

22. Defendant Home Depot, Defendant HNI, Defendant HON, and Defendant Marlboro are vicariously liable under the doctrine of *respondeat superior* for the acts and/or omissions of their respective agents, servants, and/or employees. Said agents,

servants, and/or employees were acting within the scope of their employment relationship with their respective employers, Defendant Home Depot, Defendant HNI, Defendant HON, and Defendant Marlboro, and in furtherance of their assigned duties, when they committed the above-referenced torts and/or negligent acts or omissions.

## VI. DAMAGES

23. Plaintiff would show that, as a direct and proximate result of Defendant Home Depot, Defendant HNI, Defendant HON, and Defendant Marlboro's negligent acts or omissions, Plaintiff has suffered injuries and damages well in excess of the minimum jurisdictional limits of this Court.

24. Specifically, Plaintiff seeks the following damages for which she is legally entitled to recover:

1. Past and future medical care expenses;
2. Past and future physical pain and suffering;
3. Past and future mental anguish;
4. Past and future disfigurement; and
5. Past and future physical impairment.

25. Plaintiff further seeks prejudgment and post-judgment interest at the maximum allowable rates under the law, costs of prosecuting this lawsuit, and any further relief available which Plaintiff may show herself to be justly entitled, at equity or at law.

## VII. JURY DEMAND

26. Pursuant to the provisions of Rule 38 of the FEDERAL RULES OF CIVIL PROCEDURE, Plaintiff hereby formally makes this demand and application for a jury trial in this litigation. A jury fee has been paid.

## VIII. PRAYER

WHEREFORE, PREMISES CONSIDERED, Plaintiff respectfully prays that Defendant Home Depot, Defendant HNI, Defendant HON, and Defendant Marlboro be cited to appear and answer, and that Plaintiff have judgment against said defendants for actual damages as described herein, as well as prejudgment and post-judgment interest, costs of prosecuting this lawsuit, and any other relief available, in equity or at law, to which Plaintiff may show herself justly entitled.

Respectfully submitted,

**JOHANSON & FAIRLESS, L.L.P.**

BY:________________________________

MIKE JOHANSON (SBN: 10670400)
CHRIS VOLF (SBN:24033299)
1456 First Colony Blvd.
Sugar Land, TX 77479
(281)313-5000 Phone
(281)340-5100 Fax
mjohanson@jandflaw.com